UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           :
ROBERT W. NAISMITH, PH.D. and                              :
NADIA N. DAILEY,                                           :
                                                           :       08 CV 5294 (PAC)
                          Plaintiffs,                      :
                                                           :
            v.                                             :
                                                           :
DATAMONITOR, INC., a Wholly Owned                          :
Subsidiary of Informa plc,                                 :
                                                           :
                          Defendant.                       :
---------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIFTH AND SIXTH CAUSES OF ACTION OF THE COMPLAINT

PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
(212) 682-0020

*Attorneys for Defendant,
Datamonitor, Inc.*

Of Counsel:
    Joseph B. Cartafalsa (JC-9352)

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted by Putney, Twombly, Hall & Hirson LLP on behalf of Defendant Datamonitor, Inc. ("Datamonitor") in support of its motion to dismiss the Fifth and Sixth Causes of Action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Datamonitor respectfully requests that this Court treat this motion as a Motion for Summary Judgment pursuant to Federal Rule 56.

**SUMMARY OF ARGUMENT**

Plaintiff's Fifth and Sixth Causes of Action allege a violation of the New York Labor Law ("Labor Law") based on Datamonitor's alleged failure to pay bonuses. As the Labor Law simply does not cover bonuses paid to executives such as Plaintiffs, their Labor Law claims must be dismissed.

**THE FACTS AS ALLEGED IN THE COMPLAINT**

Plaintiffs Robert W. Naismith, Ph.D. ("Naismith") and Nadia N. Dailey ("Dailey") (collectively "Plaintiffs") were the principal shareholders of Life Sciences Analytics, Inc. ("Life Sciences"). (Complaint ¶ 7). On or about December 21, 2005, Datamonitor purchased the Plaintiffs' shares in Life Sciences. (Complaint ¶ 8). Datamonitor paid Plaintiffs $12,000,000 for their collective shares. (Complaint ¶ 8).

In conjunction with the stock purchase, Datamonitor agreed to retain Plaintiffs as employees of Datamonitor. (Complaint ¶ 9). Datamonitor employed Naismith in the position of Senior Vice President and Managing Director at a salary of $200,000 per annum. (Complaint ¶ 11). Datamonitor employed Dailey in the position of Vice President at a salary of $120,000 per annum. (Complaint ¶ 12). Datamonitor promised Plaintiffs bonuses based on

their personal performance and the performance of Datamonitor. (Complaint ¶ ¶ 16-17, Exhibit D).

By letter dated January 10, 2008, Datamonitor informed each of Plaintiffs that their employment with Datamonitor was immediately terminated "for cause in accordance with the terms of your Contract of Employment." (Complaint ¶ 31, Exhibit H).

In the Complaint, Plaintiffs argue that Datamonitor violated Article 6 of the New York State Labor Law by failing to pay them their bonuses. (Complaint, Fifth and Sixth Causes of Action, ¶ ¶ 62-71).

### ARGUMENT

Here, the Fifth and Sixth Causes of Action in the Complaint fail to state a claim upon which relief may be granted. Specifically, the Fifth and Sixth causes of action allege violations of the New York State Labor Law ("Labor Law") for failure to pay bonuses. Such causes of action are flawed for two reasons: first, the Labor Law does not cover bonuses allegedly payable to executives; and second, bonuses that are not based solely on a palintiff's actual work are not "wages" covered by the Labor Law. Accordingly, this Court must dismiss Plaintiffs' causes of action under the Labor Law.

### POINT I

### THE NEW YORK LABOR LAW DOES NOT COVER BONUSES TO EXECUTIVES

The Plaintiffs claim that Datamonitor's alleged failure to pay bonuses constitutes a violation of Labor Law. The Labor Law does not cover bonus payable to executives.

Labor Law Section §193 provides, in relevant part, "No employer shall make any deductions from the wages of an employee…." (Emphasis added.). Id. The Labor Law

3

defines "wages" as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." The term "wages" also includes benefits or wage supplements as defined in [§ 198-C] ..." N.Y. Labor Law §190(1). Labor Law §198-c(2) provides that "as used in this section, the term "benefits or wage supplements" includes, but is not limited to reimbursement for expenses; health, welfare, and retirement benefits; and vacation, separation or holiday pay." Even if bonuses constitute "benefits or wage supplements" under Section 198-c(2), Section198-c(3) provides that "[t]his section shall not apply to any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of nine hundred dollars a week." (Labor Law §198-c(3), emphasis added).

Naismith and Dailey earned well over nine hundred dollars a week serving in executive roles as Senior Vice President, Managing Director and Vice President respectively. (See, Complaint ¶¶ 11-12). Therefore, their bonuses do not constitute "benefits or wage supplements" under §198-c and thus are not "wages" under § 190(1), and they do not state a Labor Law claim for "wages." See Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569, 575 (S.D.N.Y. 2004); Edwards v. Schrader-Bridgeport Int'l, Inc., 205 F. Supp. 2d 3, 13-14 (N.D.N.Y 2002); Cohen v. ACM Med. Lab., 678 N.Y.S.2d 432, 435 (N.Y. Sup. Ct. 1998), *aff'd*, 696 N.Y.S.2d 744 (N.Y. App. Div. 4th Dep't 1999) (where separation pay for a Senior Vice President earning well over nine hundred dollars a week was excluded from §198-c and § 190(1), and therefore, the employee's was not entitled to separation pay).

4

## POINT II

### ADDITIONAL AND ALTERNATIVELY, THE NEW YORK LABOR LAW DOES NOT COVER COMPENSATION BASED ON FACTORS FALLING OUTSIDE THE SCOPE OF AN EMPLOYEE'S ACTUAL WORK

Additionally and alternatively, the Plaintiffs are not entitled to relief as a matter of law because compensation based on factors falling outside the scope of an employee's actual work does not constitute "wages" under § 190(1). See Hernandez v. Intercos Am., Inc., 2007 U.S. Dist. LEXIS 93026 at *3-4 (S.D.N.Y. 2007); Ireton-Hewitt v. Champion Home Builders Co., 501 F. Supp. 2d 341, 353-354 (N.D.N.Y 2007); Truelove v. Northeast Capital & Advisory Inc., 95 N.Y.2d 220, 224 (N.Y. 2000).

The Plaintiffs allege, and a May 31, 2007 letter (attached as Exhibit D to the Complaint) confirms, that their bonuses would be based on their performance as well as Datamonitor's performance. (Complaint ¶ 17). According to May 31 letter, the bonuses would range from "$0.00 to $62,500.00" depending on the size of the "bonus pool" and the Plaintiffs' discretionarily determined share of the pool. (Complaint ¶ 17; see, also, Exhibit D to Complaint). Thus, whether Plaintiffs received any bonus was indisputably contingent upon factors beyond their actual work.

Here these alleged facts are strikingly similar to the facts is Truelove. In Truelove, the employee's bonus was determined by the employee's performance and the company's performance, and the bonus could range from $0.00 to an unlimited amount depending on the size of the "bonus pool" and the employee's discretionarily determined share of the pool. 95 N.Y.2d at 222-23. The New York Court of Appeals in Truelove found that the employee's claim for his bonus fell outside the definition of "wages" under §190(1) because

5

the phrase "for labor or services rendered" <u>excludes</u> compensation based on factors falling <u>outside</u> the scope of the employee's actual work. <u>Id.</u>

Here, and in <u>Truelove</u>, the bonuses or incentive compensation do not constitute "wages" solely because they are based on the <u>profitability of the Datamonitor</u>, not just the Plaintiffs' actual services. (<u>See id.</u>; and Complaint ¶ 17). Therefore, the Plaintiffs have failed to state claims under New York State Labor Law.

### **CONCLUSION**

For the foregoing reasons, Defendant, Datamonitor, Inc., respectfully request that this Court dismiss the Fifth and Sixth Causes of Action in the Complaint pursuant to Rule 12(b)(6), and that this Court grant such other and further relief that it deems appropriate.

DATED:    New York, New York
          June 30, 2008

PUTNEY, TWOMBLY, HALL & HIRSON LLC

By: _____
Joseph B. Cartafalsa (JC-9352)
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue
New York, New York 10175
(212) 682-0020

*Attorneys for Defendant*
*Datamonitor, Inc.*