UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
ROBERT W. NAISMITH, PH.D. and
NADIA N. DAILEY,

        Plaintiffs,       Civil Action  No. 08 CV 5294 (PAC)

     v.          <u>ANSWER AND COUNTERCLAIMS</u>

DATAMONITOR, INC., a Wholly Owned   JURY TRIAL DEMANDED
Subsidiary of Informa plc,        ON COUNTERCLAIMS

        Defendant.
-------------------------------------------------------x

   Defendant, Datamonitor, Inc. ("Datamonitor"), by and through its counsel, Putney, Twombly, Hall & Hirson LLP, as and for its Answer and Counterclaims against the Plaintiffs Robert W. Naismith, Ph.D. ("Naismith") and Nadia N. Dailey ("Dailey") (collectively, "Plaintiffs"), respectfully alleges as follows:

   1.  Admits, upon information and belief, the allegations contained in paragraph 1 of the Complaint.

   2.  Admits, upon information and belief, the allegations contained in paragraph 2 of the Complaint.

   3.  Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Datamonitor is incorporated under the laws of the State of Delaware, maintains a principal place of business at 245 Fifth Avenue, 4th Floor, New York, New York 10016, and affirmatively states that it is an indirect wholly-owned subsidiary of Informa plc.

   4.  That jurisdiction is proper based on the allegations contained in paragraph 4 of the Complaint.

5.     That the venue is proper based on the allegations contained in paragraph 5 of the Complaint.

6.     Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Plaintiffs seek a declaratory judgment and other relief from this Court.

7.     Admits, upon information and belief, the allegations contained in paragraph 7 of the Complaint.

8.     Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that on or about December 21, 2005 the parties entered into a Stock Purchase Agreement (the "SPA") in which Datamonitor agreed to purchase Plaintiffs' shares of Life Sciences Analytics, Inc. ("Life Sciences"), and affirmatively states that at the closing $1,500,000.00 of the $12,000,000.00 purchase price was held in escrow.

9.     Denies each and every allegation contained in paragraph 9 of the Complaint, and respectfully refers this Court to the terms of the SPA and the Plaintiffs' respective Contracts for Employment for the contents thereof.

10.     Admits the allegations contained in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that in the Contract of Employment signed by Naismith on January 11, 2006, Datamonitor agreed to employ Naismith as Senior Vice President and Managing Director at a salary of $200,000 per annum, and respectfully refers this Court to the Contract of Employment and the SPA for the contents thereof.

12.    Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that in the Contract of Employment signed by Dailey on January 11, 2006, Datamonitor agreed to employ Dailey as Vice President at a salary of $120,000 per annum, and respectfully refers this Court to the Contract of Employment and the SPA for the contents thereof.

13.    Denies each and every allegation contained in paragraph 13 of the Complaint, and respectfully refers this Court to Plaintiffs' respective Contracts of Employment and the SPA for the contents thereof, including the provisions for termination of such Contracts.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that Datamonitor had the right to terminate either of the Plaintiffs' employment without cause, and respectfully refers this Court to Plaintiffs' respective Contracts of Employment and the SPA for the contents thereof, including the provisions for termination of such Contracts.

15.    Denies each and every allegation contained in paragraph 15 of the Complaint, and respectfully refers this Court to Plaintiffs' respective Contracts of Employment and the SPA for the contents thereof, including the provisions for termination of such Contracts.

16.    Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that in 2006, Datamonitor paid Plaintiffs annual bonuses in addition to their salary, and that such bonuses were based on their personal performance and/or the performance of the Company.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that the formula for calculating Naismith's bonus for calendar year 2007 was contained in a letter dated May 31, 2007, and that the bonus range was $0.00 to $62,500, and affirmatively state that the entirety of the May 31, 2007 is not attached as Exhibit D to the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that in consideration as set forth in the SPA Plaintiffs were required to agree to certain restrictive covenants, and respectfully refers this Court to the Plaintiffs' respective Professional Employee Confidentiality Agreements and the SPA for the contents thereof.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that the SPA contains a five year restricted period, and respectfully refers this Court to the SPA for the complete contents thereof.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint.

24.    Denies each and every allegation contained in paragraph 24 of the Complaint, and affirmatively states that Datamonitor purchased Life Science Analytics in 2006.

25.    Denies each and every allegation contained in paragraph 25 of the Complaint, and affirmatively states that Datamonitor purchased Life Science Analytics in 2006.

26.    Denies each and every allegation contained in paragraph 26 of the Complaint, except affirmatively states that Naismith and Dailey were paid bonuses of $60,000.00 and $100,000.00, respectively, for calendar year 2006.

27.    Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that on or about January 7, 2008, Datamonitor informed the Plaintiffs that their respective employment was being terminated "without cause" and respectfully refers this Court to the January 7, 2008 letter for the contents thereof.

28.    Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Datamonitor presented each Plaintiff with an Agreement and General Release, and respectfully refers this Court to each Agreement and General Release for the contents thereof.

29.    Denies each and every allegation contained in paragraph 29 of the Complaint.

30.    Denies each and every allegation contained in paragraph 30 of the Complaint.

31.    Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that by letter dated January 10, 2008, Datamonitor advised

5

Plaintiffs that it withdrew the severance offers presented on or about January 7, 2008, and informed Plaintiffs that they "were immediately terminated for cause" in accordance with the terms of their respective Contracts of Employment, and respectfully refers this Court to Datamonitor's January 10, 2008 letters to Naismith and Dailey for the contents thereof.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, and respectfully refers this Court to the contents of Exhibit "I" to the Complaint for the contents thereof.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Datamonitor sought to enforce the restrictive covenants, and respectfully refers this Court to Exhibit I to the Complaint for the contents thereof.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except affirmatively states that Plaintiffs are not entitled to bonuses for calendar year 2007.

**AS AND FOR ITS ANSWER TO
THE FIRST CAUSE OF ACTION**

37.     Datamonitor repeats and realleges its answers to Paragraphs 1 through 36 as if more fully set forth herein at length.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that the Plaintiffs seek the relief requested therein.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that the Plaintiffs are each parties to an agreement that contains restrictive covenants.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth as to Plaintiffs' motivations for selling their shares.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

## AS AND FOR ITS ANSWER TO
## THE SECOND CAUSE OF ACTION

45.     Datamonitor repeats and realleges its answers to paragraph 1 through 44 as if more fully set forth herein at length.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Plaintiffs seek the relief requested therein.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that the Plaintiffs are each parties to an agreement that contains restrictive covenants.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth as to Plaintiffs' motivations for selling their shares.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

**AS AND FOR ITS ANSWER TO
THE THIRD CAUSE OF ACTION**

52.     Datamonitor repeats and realleges its answers to paragraph 1 through 51 as if more fully set forth herein at length.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, and affirmatively states that Naismith's bonus for calendar year 2007 is $0.00.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

## AS AND FOR ITS ANSWER TO
## THE FOURTH CAUSE OF ACTION

57.     Datamonitor repeats and realleges its answers to paragraph 1 through 56 as if more fully set forth herein at length.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint, and affirmatively states that Dailey's bonus for calendar year 2007 is $0.00.0

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

## AS AND FOR ITS ANSWER TO
## THE FIFTH CAUSE OF ACTION

62.     Datamonitor repeats and realleges its answers to paragraph 1 through 61 as if more fully set forth herein at length.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint, and respectfully refers this Court to Article 6, Section 198 (1-a) of the New York Labor Law for the contents thereof.

66.    Denies each and every allegation contained in paragraph 66 of the Complaint.

**AS AND FOR ITS ANSWER TO**
**THE SIXTH CAUSE OF ACTION**

67.    Datamonitor repeats and realleges its answers to paragraph 1 through 66 as if more fully set forth herein at length.

68.    Denies each and every allegation contained in paragraph 68 of the Complaint.

69.    Denies each and every allegation contained in paragraph 69 of the Complaint.

70.    Denies each and every allegation contained in paragraph 70 of the Complaint, and respectfully refers this Court to Article 6, Section 198 (1-a) of the New York Labor Law for the contents thereof.

71.    Denies each and every allegation contained in paragraph 71 of the Complaint.

**AS AND FOR ITS ANSWER TO**
**THE SEVENTH CAUSE OF ACTION**

72.    Datamonitor repeats and realleges its answers to paragraph 1 through 71 as if more fully set forth herein at length.

73.    Admits the allegations contained in paragraph 73 of the Complaint.

74.    Admits the allegations contained in paragraph 74 of the Complaint.

75.    Denies each and every allegation contained in paragraph 75 of the Complaint, and affirmatively states that Section 260.2a of the Wage Payment Law ("WPL") does not define "employee," and leaves Naismith to his proof in this regard.

76. Denies each and every allegation contained in paragraph 76 of the Complaint, and respectfully refers this Court to the contents of Section 260.2a of the WPL for the contents thereof.

77. Denies each and every allegation contained in paragraph 77, and affirmatively states that Naismith's bonus for calendar year 2007 was $0.00.

78. Denies each and every allegation contained in paragraph 78 of the Complaint.

**AS AND FOR ITS ANSWER TO
THE EIGHTH CAUSE OF ACTION**

79. Datamonitor repeats and realleges its answers to paragraph 1 through 78 as if more fully set forth herein at length.

80. Admits the allegations contained in paragraph 80 of the Complaint.

81. Admits the allegations contained in paragraph 81 of the Complaint.

82. Denies each and every allegation contained in paragraph 82 of the Complaint, and affirmatively states that Section 260.2A of the Wage Payment Law ("WPL") does not define "employee," and leaves Dailey to her proof in this regard.

83. Denies each and every allegation contained in paragraph 83 of the Complaint, and respectfully refers this Court to the contents of Section 260.2a of the WPL for the contents thereof.

84. Denies each and every allegation contained in paragraph 84, and affirmatively states that Dailey's bonus for calendar year 2007 was $0.00.

85. Denies each and every allegation contained in paragraph 85 of the Complaint.

## FIRST DEFENSE

86.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

87.     Plaintiffs' claims are barred, in whole or in part, to the extent, if any, they are beyond the applicable statute(s) of limitations

## THIRD DEFENSE

88.     Upon information and belief, Plaintiffs have each failed to reasonably mitigate their damages, if any.

## FOURTH DEFENSE

89.     To the extent, if any, that Plaintiffs complains about the conduct of Datamonitor and/or its agents or employees prior to Plaintiffs' termination from employment with Datamonitor, all or some of such claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH DEFENSE

90.     Plaintiffs are not entitled to a jury trial on their claims for equitable relief.

## COUNTERCLAIMS

91.     Jurisdiction and venue are proper in this Court.

92.     At all times during their employment with Datamonitor, Naismith and Dailey each owned a duty of loyalty to Datamonitor.

93.     At all times during their employment with Datamonitor, Naismith and Dailey were each obligated not to divert corporate opportunities from Datamonitor.

94.    In or about January 2007, Naismith sought to participate in, or in fact participated in, a joint venture or other relationship with Vivalog Medical Services, Inc. and Knight Vision Medical Services Private, Ltd. (collectively and individually "Knight Vision").

95.    Upon information and belief, the business of Knight Vision, in whole or in part, was in competition with Datamonitor.

96.    Upon information and belief, Dailey knew of Naismith's activities in regard to Knight Vision.

97.    Neither Naismith nor Dailey ever advised Datamonitor of their activities with or regarding Knight Vision.

98.    Neither Naismith nor Dailey offered Datamonitor the opportunity to participate in the joint venture or other activities with Knight Vision.

99.    Naismith's activities regarding Knight Vision prevented him from devoting substantially all of his business time and efforts to the affairs of Datamonitor.

100.    Upon information and belief, Dailey's activities regarding Knight Vision prevented her from devoting substantially all of her business time and efforts to the affairs of Datamonitor.

101.    In engaging in activities regarding Knight Vision, Naismith willfully failed or refused to consistently fully perform his Datamonitor job duties.

102.    Upon information and belief, in engaging in activities regarding Knight Vision, Dailey willfully failed or refused to consistently fully perform her Datamonitor job duties.

103.    In engaging in activities regarding Knight Vision, Naismith underperformed his Datamonitor job duties.

104.    Upon information and belief, in engaging in activities regarding Knight Vision, Dailey underperformed her Datamonitor job duties.

105.    Naismith's activities regarding Knight Vision constituted misconduct, incompetence and/or malfeasance.

106.    Upon information and belief, Dailey's activities regarding Knight Vision constituted misconduct, incompetence and/or malfeasance.

107.    Naismith's activities regarding Knight Vision constituted misappropriation of Datamonitor's time and/or resources.

108.    Upon information and belief, Dailey's activities regarding Knight Vision constituted misappropriation of Datamonitor's time and/or resources.

109.    In or about 2007 or earlier, Naismith and Dailey formed and began to operate a company called Link 2 Venture ("L2V").

110.    Upon information and belief, the business of L2V, in whole or in part, was in competition with Datamonitor.

111.    Upon information and belief, Naismith and Dailey used or diverted confidential Datamonitor information in building the business of L2V and/or in attempting to sell L2V's services or products.

112.    Neither Naismith nor Dailey ever advised Datamonitor of their activities with or, regarding, L2V until after they attempted to sell L2V's services.

113.    Upon information and belief, neither Naismith nor Dailey would have told Datamonitor of their efforts on behalf of L2V if not for the fact that they had tried to sell

L2V's services or products to companies that were related to Informa, which had then recently acquired Datamonitor, and thus they feared that their efforts on behalf of L2V would be discovered by Datamonitor.

114.    Neither Naismith nor Dailey offered Datamonitor the opportunity to participate in the joint venture or other activities with L2V.

115.    Naismith's activities regarding L2V prevented him from devoting substantially all of his business time and efforts to the affairs of Datamonitor.

116.    Dailey's activities regarding L2V prevented her from devoting substantially all of her business time and efforts to the affairs of Datamonitor.

117.    In engaging in activities regarding L2V, Naismith willfully failed or refused to consistently fully perform his Datamonitor job duties.

118.    In engaging in activities regarding L2V, Dailey willfully failed or refused to consistently fully perform her Datamonitor job duties.

119.    In engaging in activities regarding L2V, Naismith underperformed his Datamonitor job duties.

120.    In engaging in activities regarding L2V, Dailey underperformed her Datamonitor job duties.

121.    Naismith's activities regarding L2V constituted misconduct, incompetence and/or malfeasance.

122.    Dailey's activities regarding L2V constituted misconduct, incompetence and/or malfeasance.

123.    Naismith's activities regarding L2V constituted misappropriation of Datamonitor's time and/or resources.

124.    Dailey's activities regarding L2V constituted misappropriation of Datamonitor's time and/or resources.

125.    In our about October 2007, Naismith sought to engage in a transaction referred to as the Vivalog transaction ("Vivalog").

126.    Upon information and belief, the business of Vivalog was, in whole or in part, in competition with Datamonitor.

127.    Upon information and belief, Dailey knew of Naismith's activities in regard to Vivalog.

128.    Neither Naismith nor Dailey ever advised Datamonitor of their activities with or, regarding, Vivalog.

129.    Neither Naismith nor Dailey offered Datamonitor the opportunity to participate in the joint venture or other activities with Vivalog.

130.    Naismith's activities regarding Vivalog prevented him from devoting substantially all of his business time and efforts to the affairs of Datamonitor.

131.    Upon information and belief, Dailey's activities regarding Vivalog prevented her from devoting substantially all of her business time and efforts to the affairs of Datamonitor.

132.    In engaging in activities regarding Vivalog, Naismith willfully failed or refused to consistently fully perform his Datamonitor job duties.

133.    Upon information and belief, in engaging in activities regarding Vivalog, Dailey willfully failed or refused to consistently fully perform her Datamonitor job duties.

134.    In engaging in activities regarding Vivalog, Naismith underperformed his Datamonitor job duties.

135.    Upon information and belief, in engaging in activities regarding Vivalog, Dailey underperformed her Datamonitor job duties.

136.    Naismith's activities regarding Vivalog constituted misconduct, incompetence and/or malfeasance.

137.    Upon information and belief, Dailey's activities regarding Vivalog constituted misconduct, incompetence and/or malfeasance.

138.    Naismith's activities regarding Vivalog constituted misappropriation of Datamonitor's time and/or resources.

139.    Upon information and belief, Dailey's activities regarding Vivalog constituted misappropriation of Datamonitor's time and/or resources.

140.    In or about October 2007, Naismith took steps toward the hiring of G. Harinatha Reddy ("Mr. Reddy").

141.    Naismith sought to hire Mr. Reddy for a company that operated, in whole or in part, in competition with Datamonitor.

142.    Upon information and belief, Dailey knew Naismith sought to hire Mr. Reddy away from Datamonitor.

143.    Mr. Reddy was a key employee of Datamonitor.

144.    Naismith and Dailey knew Mr. Reddy was a key employee of Datamonitor.

145.    Naismith and Dailey knew Mr. Reddy was valuable to Datamonitor.

146.  Naismith steps to hire Mr. Reddy constituted misconduct, incompetence and/or malfeasance.

147.  Upon information and belief, Dailey's concealing Naismith's desire to hire Mr. Reddy constituted misconduct, incompetence and/or malfeasance.

## AS AND FOR ITS COUNTERCLAIM AGAINST
## NAISMITH FOR BREACH OF DUTY OF LOYALTY

148.  Datamonitor repeats and realleges the allegations of paragraphs 1 through 147 as if fully set forth herein at length.

149.  Naismith, as Senior Vice President and Managing Director, owed a duty of loyalty to Datamonitor.

150.  Naismith breached the duty of loyalty he owed to Datamonitor.

151.  Naismith usurped corporate opportunities from Datamonitor.

152.  Naismith is obligated to repay Datamonitor for the salary, bonus, and employment-related benefits, in an amount to be proven at trial, that Datamonitor paid to Naismith at all times since he breached his duty of loyalty to Datamonitor and/or usurped corporate opportunities from Datamonitor.

## AS AND FOR ITS COUNTERCLAIM AGAINST
## DAILEY FOR BREACH OF DUTY OF LOYALTY

153.  Datamonitor repeats and realleges the allegations of paragraphs 1 through 152as if fully set forth herein at length.

154.  Daily, as Vice President, owed a duty of loyalty to Datamonitor.

155.  Dailey breached the duty of loyalty she owed to Datamonitor.

156.  Dailey usurped corporate opportunities from Datamonitor.

157.    Dailey is obligated to repay Datamonitor for the salary, bonus, and employment-related benefits, in an amount to be proven at trial, that Datamonitor paid to Dailey at all times since she breached her duty of loyalty to Datamonitor and/or usurped corporate opportunities from Datamonitor.

WHEREFORE, Defendant Datamonitor, Inc. respectfully requests that this Court dismiss Plaintiffs' Complaint and enter judgment in Datamonitor's favor and against Plaintiffs as follows:

(a)     an award that Naismith repay Datamonitor for the salary, bonus, and employment-related benefits, in an amount to be proven at trial, that Datamonitor paid to Naismith at all times since he breached his duty of loyalty to Datamonitor and/or usurped corporate opportunities from Datamonitor;

(b)     an award that Dailey repay Datamonitor for the salary, bonus, and employment-related benefits, in an amount to be proven at trial, that Datamonitor paid to Dailey at all times since she breached her duty of loyalty to Datamonitor and/or usurped corporate opportunities from Datamonitor;

(c)    reasonable attorneys' fees and costs; and

(d)    such other relief as the Court deems appropriate and just.

Dated:  New York, New York
        August 27, 2008

Respectfully submitted,

PUTNEY, TWOMBLY, HALL & HIRSON LLP

_____/s/_____
Joseph B. Cartafalsa (JC-9352)
521 Fifth Avenue
New York, New York 10175
(212) 682-0020
*Attorneys for Defendant, Datamonitor, Inc.*